United States District Court
For the Northern District of California

1
2
3                    IN THE UNITED STATES DISTRICT COURT
4                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
5
6    JOSE M. ARTEAGA and MARIA D.      ) Case No. 12-1370-SC
     ARTEAGA,                          )
7                                      ) ORDER DENYING WITHOUT
              Plaintiffs,              ) PREJUDICE DEFENDANTS'
8                                      ) MOTION TO DISMISS
         v.                            )
9                                      )
10   WELLS FARGO BANK, N.A., a/k/a     )
     WACHOVIA MORTGAGE, REGIONAL       )
11   TRUSTEE SERVICES CORPORATION, and )
     DOES 1 through 100, inclusive,    )
12                                     )
              Defendants.              )
13   ──────────────────────────────────)
14
15        Now before the Court is Defendant Wells Fargo Bank, N.A.'s
16   ("Wells") Motion to Dismiss the Amended Complaint of Plaintiffs
17   Jose M. and Maria D. Arteaga ("Plaintiffs").  ECF Nos. 15 ("Mot."),
18   14 ("Am. Compl.").  Defendant Regional Trustee Service Corporation
19   ("Regional") joins in Wells's motion.  ECF No. 17.  The motion is
20   fully briefed.  ECF Nos. 19 ("Opp'n"), 20 ("Reply").
21        The motion was set for hearing on June 22, 2012.  On June 18,
22   2012, the Court approved a stipulation signed by Wells, Regional,
23   and Plaintiffs, opting to participate in an alternative dispute
24   resolution ("ADR") process, specifically, court-sponsored
25   mediation.  ECF No. 26 ("ADR Order").  The ADR Order gave the
26   parties until September 18, 2012 to complete the mediation.  See
27   id. (setting deadline of ninety days following signature date of
28   order).  On June 20, 2012, the Court vacated the June 22 hearing.

**United States District Court**
For the Northern District of California

1    The purpose of mediation is to explore and, if possible,

2    achieve a compromise settlement.

3    The Ninth Circuit is firmly committed to the rule that
     the law favors and encourages compromise settlements.

4    There is an overriding public interest in settling and
     quieting litigation. It is well recognized that

5    settlement agreements are judicially favored as a matter
     of sound public policy. Settlement agreements conserve

6    judicial time and limit expensive litigation.

7    Ahern v. Cent. Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988)

8    (internal quotation marks, citations, brackets omitted). In view

9    of these policies, the Court is reluctant to rule on a dispositive

10   motion while the parties are engaging, or about to engage, in

11   mediation. First, mediation, like ADR generally, holds out the

12   possibility of voluntary resolution of this matter without coercive

13   intervention by the Court. Second, the principle of judicial

14   economy counsels the Court to avoid devoting resources to deciding

15   a dispositive motion when the parties have selected an ADR process

16   which, if successful, will result in voluntary dismissal of the

17   case. Even if mediation does not result in settlement, it may

18   narrow or reframe the issues of the case such that the motion now

19   before the Court becomes partly or even wholly moot.

20   Accordingly, the Court DENIES Wells's motion to dismiss

21   without prejudice. Wells has leave to re-notice the motion at a

22   later date.

23

24   IT IS SO ORDERED.

25

26   Dated: July 23, 2012

27   UNITED STATES DISTRICT JUDGE

28